UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
**CHRISTOPHER LOADHOLT,** *on behalf of himself and all others similarly situated*,

                        **Plaintiff,**            22-CV-02870 (ALC)

       -against-                              **OPINION AND ORDER**

**SHIRTSPACE,**

                       **Defendant.**
------------------------------------------------------------------ x

**ANDREW L. CARTER, JR., District Judge:**

Christopher Loadholt ("Plaintiff") brings this action on behalf of himself and all other persons similarly situated against Shirtspace ("Defendant"). Plaintiff alleges violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq*.; New York City Human Rights Law, N.Y.C. Administrative Code § 8-102, *et seq.* ("NYCHRL") and seeking declaratory relief on the basis that Defendant denies visually impaired people from having full and equal access to its website. Defendant moves to dismiss Plaintiff's amended class action complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendant asserts that (1) Plaintiff lacks standing to bring his claim; (2) Defendant's website is not a place of public accommodation under the ADA; (3) Plaintiff is not entitled to civil penalties, fines, or punitive damages under the NYCHRL and (4) the Complaint fails to state a claim upon which relief may be granted. For the reasons stated below, Defendant's motions to dismiss is **DENIED**.

## BACKGROUND

### I. Factual Background

Plaintiff is visually impaired and legally blind and requires screen-reading software to read website content on his computer. (Am. Compl., ECF No. 13 ¶¶ 5, 18.) Defendant is an apparel

1

retailer based in Washington that does business in New York. (*Id.* ¶¶ 19–20.) Defendant operates the website www.shirtspace.com for consumers to purchase clothing and other goods which Defendant ships across the United States. (*Id.* ¶ 20.)

Plaintiff alleges that on March 24, 2022, he used a screen reading software called NonVisual Desktop Access to access Defendant's website so he could select and purchase a T-shirt for himself. (*Id.* ¶¶ 23–24.) Plaintiff, however, was unable access the website's features in a similar manner to a sighted person because of several accessibility barriers which prevented Plaintiff, and other blind people, from fully accessing the website. (*Id.* ¶¶ 25–26.) These barriers to accessibility include but are not limited to: (1) lack of description for the contents of graphical images; (2) failure to distinguish between pages; (3) headings that do not describe the topic or purpose of the page; (4) filter options that did not explain what options were available and prevented Plaintiff from being able to navigate the page; and (5) pages with multiple broken links. (*Id.* ¶¶ 27–28.) Because of these issues, Plaintiff was unable to use and enjoy Plaintiff's website in the same manner as sighted people. (*Id.* ¶ 29.)

Plaintiff alleges that he returned to the website on June 16, 2022 to try to purchase the T-shirt, but he was again unable to adequately access the website. (*Id.* ¶ 30.) He also alleges that he intends to return to the website in the future so he can purchase "several T-shirts" once the website is made accessible to him and other visually impaired people. (*Id.* ¶ 31.)

## LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In reviewing a motion to dismiss under Rule 12(b)(1), a court "must take all facts alleged in the complaint as true and draw all reasonable

inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation and internal quotation marks omitted). Rather, "[t]he [counter-]plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). Courts "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [the Court] may not rely on conclusory or hearsay statements contained in the affidavits." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556). However, the court need not credit "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 555). Instead, the complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (*citing Twombly*, 550 U.S. at 555).

## DISCUSSION

### I.   Standing

Defendant argues that the Court should grant its motion to dismiss because it lacks subject matter jurisdiction over Plaintiff's claims. Specifically, Defendant argues that Plaintiff lacks

3

standing to bring his claims because he has failed to plead an injury in fact. (Def.'s Mem., ECF No. 18 at 2–8.)

To establish standing under Article III of the Constitution, Plaintiff must satisfy three requirements. First, "plaintiff must have suffered an 'injury in fact' – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical,"; second, plaintiff must demonstrate a "causal connection between the injury and the conduct complained of; and third, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In the ADA context, standing exists where "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits" that the plaintiff would continue to access the public accommodation." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013).

The Court finds that Plaintiff has satisfied his burden of demonstrating standing. "To satisfy standing in ADA website cases specifically, courts in this district have required the plaintiff to allege certain facts in detail, including when they attempted to access to the website, what they were attempting to do on the website, the specific barriers that prevented them from gaining access, and how they intend to utilize the website in the future." *Angeles v. Grace Prod., Inc.*, No. 20-CV-10167 (AJN), 2021 WL 4340427, at *2 (S.D.N.Y. Sept. 23, 2021) (collecting cases). Here, Plaintiff alleges that he tried to access the website in order to buy a T-shirt. (Am. Compl., ECF No. 13 ¶¶ 24, 30). He claims that he was unable to navigate the website and describes in detail the accessibility barriers that prevented him from doing so. (*Id.* ¶¶ 27–28.) He also alleges what days he tried to access the website: March 24 and June 16, 2022. (*Id.* ¶¶ 23, 30). Additionally, Plaintiff

alleges that he intends to revisit the website in the future (*id.* ¶ 32) and alleges that Defendant has not remedied the accessibility issues on the website (*id.* ¶ 33.)

Defendant contends that Plaintiff has not alleged injury-in-fact because he has not alleged which specific product he intended to purchase, citing my decision in *Jaquez v. Aqua Carpatica USA, Inc.*, 2021 WL 3727094, at *4 (S.D.N.Y. Aug. 20, 2021). (Def.'s Mem., ECF No. 18 at 4–5.)  In *Aqua Carpatica*, I dismissed a complaint for lack of standing where an ADA plaintiff did not articulate the specific product he intended to purchase on the defendant's website. *Id.*  Here, by contrast, Plaintiff has alleged the specific product he intended to purchase—a T-shirt.  This is sufficiently detailed under these facts where Defendant is an apparel retailer and where Plaintiff alleges that he was unable to navigate Defendant's website so that he could properly browse for a specific T-shirt and complete his purchase. *See Angeles*, 2021 WL 4340427, at *2.

Additionally, Defendant argues that Plaintiff's allegations that he intends to return to the website in the future are not sufficiently concrete or detailed. (Def.'s Mem., ECF No. 18 at 5–6.) The Second Circuit has recently held that in the ADA "gift card" context, "conclusory allegations of intent to return and proximity are not enough—in order to 'satisfy the concrete-harm requirement' and to 'pursue forward-looking, injunctive relief,' [p]laintiffs must establish a "material risk of future harm' that is 'sufficiently imminent and substantial.'" *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 72 (2d Cir. 2022) (quoting *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2210, (2021)).  Here, the allegations, read in totality, sufficiently demonstrate Plaintiff's intent to return to Defendant's website.  Plaintiff already returned once to the website on June 16, 2022 to try to complete his T-shirt purchase. (Am. Comp., ECF No. 13 ¶ 30.)  Plaintiff alleges that he "would still like to return to the Website to browse and potentially purchase several T-shirts once it is made accessible to him, and intends to do so once the site is made accessible."

5

(*Id.* ¶ 32.) Thus, Plaintiff has satisfied the Second Circuit's requirements by specifying when he intends to return to the website (*i.e.*, when the alleged accessibility issues are remediated) and for what purpose (*i.e.*, to purchase the T-shirt he originally tried to buy). This is sufficient to evince Plaintiff's intent to return to the website for the standing analysis. *Camacho v. Vanderbilt Univ.*, No. 18-CV-10694 (KPF), 2019 WL 6528974, at *10 (S.D.N.Y. Dec. 4, 2019). This is consistent with the "broad mandate" of the ADA, *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001), to ensure that disabled people are able to "fully participate in all aspects of society…" 42 U.S.C. § 12101(1).

Accordingly, the Court finds that Plaintiff has pleaded sufficient facts to establish standing and thus Defendant's motion to dismiss pursuant to Rule 12(b)(1) is **DENIED**.

## II. Failure to State a Claim under the ADA

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To state a claim under Title III of the ADA, Plaintiff must allege (1) that she is disabled within the meaning of the ADA; (2) that Defendant owns, leases, or operates a place of public accommodation; and (3) that Defendant discriminated against her by denying her a full and equal opportunity to enjoy the services Defendant provides." *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008). Discrimination under the ADA includes a failure to make reasonable accommodations for the plaintiff's disability. 42 U.S.C. § 12182 (b)(2)(A)(ii).

### A. Websites as "Places of Public Accommodation"

Defendant argues Plaintiff cannot sustain a claim under the ADA because a website is not a place of public accommodation as defined under the ADA. (Def.'s Mem., ECF No. 18 at 9–17.)

6

Defendant argues that Title III provides a detailed and exhaustive list of the types of entities that are considered "public accommodations" and notes that the regulations promulgated thereunder state that it is a complete list. (*Id.* at 9-10 (citing 42 U.S.C. § 12181(7).) Because the list includes only physical places, and because websites are not included on that list, Defendant argues that a standalone website without a connection to a physical place of business is not covered under the ADA's anti-discrimination protections. (*Id.* at 10.)

As Defendant concedes, the Second Circuit has not expressly decided whether a website is a place of public accommodation under the ADA. Although courts in other circuits and other districts have found that the ADA does not cover websites, I join the vast majority of courts within this district in holding that the ADA's protections do extend to commercial websites. *See, e.g., Chalas v. Barlean's Organic Oils, LLC*, No. 22-CV-04178 (CM), 2022 WL 17156838 (S.D.N.Y. Nov. 22, 2022); *Paguada v. Athena Allergy, Inc.*, No. 21-CV-1245 (KPF) (S.D.N.Y. Feb. 22, 2022); *Winegard v. Crain Commc'ns, Inc.*, No. 20-CV-01509 (AJN), 2021 WL 1198960, at *2 (S.D.N.Y. Mar. 30, 2021); *Thorne v. Formula 1 Motorsports, Inc.*, No. 19-CV-1077 (JPO), 2019 WL 6916098, at *3 (S.D.N.Y. Dec. 19, 2019); *Del-Orden v. Bonobos, Inc.*, No. 17-CV-2744 (PAE), 2017 WL 6547902, at *11 (S.D.N.Y. Dec. 20, 2017). Indeed, I also have recently held that websites fall within the ADA's definition of places of public accommodation. *See Slade v. Life Spectacular, Inc.*, No. 22-CV-0037 (ALC), 2022 WL 17542029, at *3 (S.D.N.Y. Dec. 5, 2022). As well stated by Judge Caproni in *Taverez v. Moo Organic Chocolates, LLC*, "[a]lthough websites are not specifically mentioned in the statute, the law's explicit purpose and the inclusion of providers that do not require physical entry into a location to access their goods and services indicate that websites are within the broad reach Congress intended Title III to have." No. 21-CV-9816 (VEC), 2022 WL 3701508, at *3 (S.D.N.Y. Aug. 26, 2022).

B. <u>Sufficiency of Plaintiff's Allegations</u>

Next, Defendant also argues that Plaintiff's allegations fail to plead adequate grounds for relief. (Def.'s Mem., ECF No. 18 at 17–18.) As previously stated, at the motion to dismiss stage, the court must accept all factual allegations in the complaint as true. *Morrison*, 547 F.3d at 170. All that is required at the pleading stage under Rule 8(a)(2) is "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. 544, 545 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The Amended Complaint meets that threshold. Plaintiff satisfies the first prong of the ADA's requirements because he plausibly alleges that he is disabled within the meaning of the statute. (Am. Comp., ECF No. 13 ¶ 18.) Second, as discussed in the previous subsection, the Court finds that Defendant operates a place of public accommodation under the ADA. Third, Plaintiff has plausibly alleged that he suffered discrimination when he tried to access Plaintiff's website. Plaintiff alleges that he was unable to access the full panoply of functions to which a sighted person has access. These specific barriers are outlined in the Amended Complaint and thus put Defendant on notice of Plaintiff's concerns. For instance, Plaintiff alleges that there were multiple dead links and missing graphics on pages that did not contain descriptions of where the link was meant to send the user and that the filters on the website did not display what options were available which prevented Plaintiff from navigating the website's pages properly. (Am. Compl., ECF No. 13 ¶ 28.) These barriers prevented Plaintiff from using his screen-reading software to browse the website and complete his purchase. These allegations are sufficient to state a claim under the ADA at this stage. *See Juscinska v. Paper Factory Hotel, LLC*, No. 18-CV-8201 (ALC), 2019 WL 2343306, at *3 (S.D.N.Y. June 3, 2019).

Thus, Plaintiff has stated disability discrimination claims upon which relief can be granted under the ADA. Because the standards for the city claims are treated as coextensive or more liberal than the ADA standard, Plaintiff necessarily states a claim under the other statute. *See Chalas*, 2022 WL 17156838, at *3–4.

### III. Damages Due Under the NYCHRL

Lastly, Defendant argues that Plaintiff may not recover civil penalties and fines and punitive damages under the NYCHRL. (Def.'s Mem., ECF No. 18 at 19–20.)[1]

"A motion to dismiss is addressed to a 'claim'—not to a form of damages." *Chalas*, 2022 WL 17156838, at *6 (quoting *Amusement Indus., Inc. v. Stern*, 693 F.Supp.2d 301, 318 n.5 (S.D.N.Y.2010)). "As damages are not an independent cause of action but rather a prayer for relief, Defendant's motion to dismiss these damages is 'procedurally premature.'" *Id.* (citing *Hunter v. Palisades Acquisition XVI, LLC*, 2017 WL 5513636, at *9 (S.D.N.Y. Nov. 16, 2017)).

Accordingly, Defendant's request to dismiss and/or strike Plaintiff's damage demand under the NYCHRL is **DENIED**. The appropriate damages that should be presented to the jury can be discussed if and when this case proceeds to trial. *See id*.

### CONCLUSION

For the reasons discussed, Defendant's motion to dismiss is **DENIED**. The Clerk of Court is respectfully requested to terminate the pending motion at ECF No. 17. The Court will refer this case shortly to the assigned magistrate judge for general pretrial management.

**SO ORDERED.**

---

[1] In support of this request, Defendant has cited cases in federal court discussing damages for a motion for default judgment, *see Suris v. Collive Corp.*, No. 20-CV-06096 (AMD)(JRC), 2022 WL 542987, at *6 (E.D.N.Y. Jan. 10, 2022), *report and recommendation adopted*, 2022 WL 541765 (E.D.N.Y. Feb. 23, 2022), and a New York state cases discussing the sufficiency of a jury verdict for punitive damages, *see Home Ins. Co. v. American Home Prods. Corp.*, 75 N.Y.2d 196, 203–204 (1990). Neither of these standards are applicable here on a motion to dismiss.

Dated: New York, New York
    March 6, 2023

              **ANDREW L. CARTER, JR.**
              **United States District Judge**

10